**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **CRIMINAL CASE NO. PWG-13-259** |
| | * | **(Civil Case No.: PWG-15-1392)**[1] |
| PAUL K. ESSEL *et al.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On May 22, 2013, Paul K. Essel was indicted on one count of conspiracy to commit bank fraud, four counts of bank fraud, and one count of aggravated identity theft.  *See* Indict., ECF No. 12.  On January 14, 2014, he pleaded guilty to conspiracy to commit bank fraud, one count of bank fraud, and aggravated identity theft.  Plea Agr., ECF No. 53.  Essel was sentenced to a total of fifty seven months in prison.  *See* Sent. Mem., ECF No. 73.  He now brings a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on four bases: (i) ineffective assistance of counsel with respect to the length of his sentence; (ii) an excessive sentence for a first-time offender; (iii) an excessive restitution amount as agreed in his plea agreement; and (iv) the imposition of "unrelated restitution."  Def.'s Mot, ECF No. 81.[2]  Because

---

[1]     The ECF Numbers cited herein refer to the documents filed in Essel's criminal case.

[2]     This motion is fully briefed; the Government has filed an opposition, Opp'n, ECF No. 89, and Essel has filed a reply, Reply, ECF No. 93.  A hearing to decide this motion is not necessary. *See* Loc. R. 105.6.  Essel has also filed a motion to vacate his sentence because the Government had not responded by the original deadline for its opposition.  *See* ECF No. 86.  Essel's motion ignores my order dated July 25, 2015, approving an extension for the Government to file its opposition to September 10, 2015.  *See* Ext. Order, ECF No. 85.  Accordingly, Essel's motion to vacate based on the Government failing to file its opposition by the original deadline is denied. In my order extending the deadline for the Government to file its opposition, I ordered that there would be "no further extensions" and that the "extension [was] approved until 091015 only." Ext. Order.  The Government failed to file its opposition until September 18, 2015.  I will not

Essel's claim that ineffective assistance of counsel resulted in his lengthy sentence is unsupported by the record and because Essel has procedurally defaulted on the other three bases for relief, I will deny his motion to vacate, set aside, or correct his sentence.[3]

## I.    DISCUSSION

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ."  The prisoner must prove his case by a preponderance of the evidence.  *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013).  If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief."  *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978); 28 U.S.C. § 2255(b)).

To prevail on a claim of ineffective assistance of counsel as the alleged constitutional violation,

> a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct

---

strike the Government's opposition; however, I find its lack of timeliness and ability to meet the deadlines established by this Court, particularly with the extension that I granted, problematic.

[3]    Essel has also filed what he styles as a "petition/motion for relief of restitution," providing additional details for why he believes the restitution ordered by this Court is excessive. I have considered these arguments in evaluating his § 2255 motion, ECF No. 81.  For the same reasons that his § 2255 motion is denied for being in procedural default, his motion for relief of restitution is also denied.

was within the wide range of reasonable professional assistance. *Id.* at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014). "When a petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he 'must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fabian*, 798 F. Supp. 2d 647, 670–71 (D. Md. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### A.  Ineffective Assistance of Counsel

Essel states that his motion to vacate should be granted on the basis of ineffective assistance of counsel by his attorney, Lisa Lunt.  See Def.'s Mot. 5, 12.  Essel states that

I was facing a total sentencing of 61 months without the plea deal, but my lawyer told me I can get a much lesser sentence if I cooperate.  Was facing 5 counts but after speaking with the prosecutor, they informed me I was not being cooperative and was wasting thier [sic] time.  I took the plea deal and was convicted of 3 counts with 57 months sentencing instead of 5 counts and 61 months.  Basically the 57 months given to me apparently seems very unfair considering the fact that I was cooperative.

*Id.* at 5.  He separately alleges that "[t]he attorney misled me that I can not [sic] appeal the case if I take a plea."  *Id.* at 4.  I will read Essel as making two claims for ineffective assistance of counsel: (1) with respect to taking the plea agreement that resulted in a 57-month sentence and (2) with respect to not being told he waived his right to appeal.

### 1.  Accepting the Plea Agreement and His Sentence

3

Essel is unhappy that he pleaded guilty and that his sentence was reduced only to 57 months.  Further, he feels that it was unfair given his cooperation with the prosecutor.  As a preliminary matter, Essel claims that he would have only received a 61-month sentence had he pleaded guilty to all five counts.  It is unclear why Essel refers to all five counts when the indictment listed six counts.  However, regardless of whether Essel faced a total of five or six counts, Essel has not explained why he would have received only 61 months had he been found guilty on all counts.  Essel cannot know what sentence he would have faced had he been found guilty because he pleaded.

What is clear from the record is that Essel received a 2-level reduction in offense level based on "Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct," and "an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty."  *See* Plea Agr. 4.  Essel received a benefit for his guilty plea, and he cannot raise an ineffective assistance of counsel claim simply because he is not happy with the benefit that he received.

With respect to his cooperation with prosecutors, Essel's statements are contradictory and reveal why he did not receive a further reduction in his sentence.  According to Essel himself, the prosecutors told him that he was not being cooperative and was wasting their time.  Def.'s Mot. 5.  Essel believes that his sentence was unfair given that he cooperated, but his own statements demonstrate that prosecutors found him uncooperative.  Further, Essel explicitly waived his ability to raise any further departures or adjustments to his offense level including a Section 5k1.1 Substantial Assistance to Authorities departure.  *See* Plea. Agr. 5.

Further, Essel has not provided any support that ineffective assistance of counsel led to any of these issues.  Indeed, when asked whether he was satisfied with Lunt's representation of

him, he responded affirmatively.  *See* Plea Trans. 8, ECF No. 87.  "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."  *Fields*, 956 F.2d at 1299.  If a petitioner "presents no evidence that suggests his representations during his plea were untruthful or involuntary . . . he is therefore rightly bound by his sworn statements."  *Id*; *see also United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.  Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-'permit[ting] quick disposition of baseless collateral attacks.'") (alteration in original) (citations omitted).  Essel has provided no evidence to suggest that this statement—that he was satisfied with Lunt's representation—was untruthful or involuntary.

For these reasons, I find that Essel has failed to demonstrate that his "counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness," *see Lomax*, 2014 WL 1340065, at *2 (citing *Strickland*, 466 U.S. at 687–91), and overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  His motion to vacate based on ineffective assistance of counsel with respect to his acceptance of the plea agreement and his subsequent sentence is denied.[4]

---

[4]  Because I find Essel has not met his burden with respect to the first prong of the test for ineffective assistance of counsel in *Strickland*, it is not necessary to determine whether he satisfied the second prong that he suffered prejudice as a result.  Nevertheless, in order to demonstrate prejudice, Essel "must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Essel has provided no evidence that he would have not pleaded guilty and gone to trial.

2. *Waiver of Right to Appeal*

I have read Essel's motion as also claiming ineffective assistance of counsel because Lunt "misled" Essel that he did not have a right to appeal if he accepted the plea agreement. *See* Def.'s Mot. 4. As an initial matter, Essel provides no evidence that Lunt misled him that by accepting the plea agreement he waived his right to appeal and for that reason alone he fails to demonstrate that Lunt's representation constitutes ineffective assistance of counsel. Therefore, I find that Essel has failed to meet his burden under the first prong of *Strickland* to demonstrate that Lunt's representation was below the objective standard of reasonableness.

However, even if I take Essel's statement as true, I informed Essel during the Rule 11 colloquy that by entering into the plea agreement he waived his right to appeal. Plea Trans. 23–24. Essel further indicated that he understood my statement that he "ha[d] given up or waived the right to appeal any sentence I impose." *Id.* at 24. This explanation is sufficient to correct any misstatement by Lunt with respect to Essel's ability to appeal following acceptance of the plea agreement. *See United States v. Foster*, 68 F.3d 86, 88–89 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."). As a result, Essel is unable to demonstrate that he was prejudiced even if Lunt misled him that he retained the ability to appeal after entering into the plea agreement.

For these reasons, Essel's motion to vacate based on ineffective assistance of counsel with respect to being informed that he had waived his right to appeal is denied.

**B.  Other Grounds for Relief**

Essel raises three other grounds for relief (i) an excessive sentence for a first-time offender; (ii) an excessive restitution amount as agreed in his plea agreement; and (iii) the imposition of "unrelated restitution."   Def.'s Mot.   Essel did not raise these issues during sentencing or on appeal; as part of his plea agreement, he waived the ability to do so.  *See* Plea Agr. 5, 7.  As a result, he is generally barred from raising them on collateral review.  *See United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).   However, Essel's claims may be able to proceed under an equitable exception to this rule if he demonstrates "cause and prejudice, or actual innocence."  *See id.* (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004)).   "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).  Essel has offered no evidence that his claim is novel, and I have denied his arguments that he had ineffective assistance of counsel.  Therefore, Essel cannot show cause.  Further, Essel has not offered any arguments for his actual innocence.  For these reasons, I find that Essel procedurally defaulted with respect to these additional bases for relief, and his motion to vacate with respect to these claims is denied.[5]

## II.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 and 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner."  *Brown*, 2013 WL 4562276, at *10.  This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)).  A

---

[5]     Because I find Essel procedurally defaulted with respect to these bases for relief, it is unnecessary for me to consider the merits of these claims.

prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Essel has not shown that a reasonable judge "would find the court's assessment of the constitutional claim[] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Essel from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

## III.    CONCLUSION

For the reasons stated above, Essel's motion to vacate, set aside or correct sentence is DENIED.

### ORDER

Accordingly, it is this 13th day of April, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Petition in Criminal Case No. PWG-13-259, ECF No. 81, IS DENIED;

2. Defendant's motion to vacate, ECF No. 86, and motion for relief of restitution, ECF No. 90, ARE DENIED;

3. The Clerk SHALL FILE a copy of this memorandum opinion and order in Criminal Case No. PWG-13-259 and Civil Case No. PWG-15-1392;

4. The Clerk SHALL MAIL a copy of this memorandum opinion and order to Defendant; and

5. The Clerk SHALL CLOSE Civil Case No. PWG-15-1392.

_____/S/_____
Paul W. Grimm
United States District Judge

dpb